## SOUTHWICK VS. BERRY.

1. OBJECTIONS TO DEPOSITIONS MUST BE SPECIFIC. Where a party objects to the reading of a deposition, for the reason that it was not properly taken, he must specifically point out by his objection the defects upon which he relies.

2. SAME. Where it appears that on the trial, in the court below, a general objection was made to the reading of a deposition, and no specific objections appear to have been made as to the manner in which it was taken, it will be presumed that the ruling of the court in overruling such general objection was correct.

3. PLEADING AND EVIDENCE. A. brought an action of trespass against B. for taking and carrying away his horse, in which B. pleaded the general issue only. At the trial, plaintiff, *in order to make out his case*, called as his witness a constable, to prove by him that he seized the horse by B.'s direction, under an attachment, and sold him under an execution against C., and as his property. *Held*, that though no plea of justification and of property in C. had been interposed, the witness might state all the facts, and as plaintiff's witness, testify all he did in relation to taking, and under what authority he seized and sold, and this though the writs and proceedings before the justice under which he acted were not produced or given in evidence.

ERROR to the District Court for *Iowa* County.

*Southwick* brought an action of trespass against *Berry* for taking and carrying away his horse of the value of $150. The defendant pleaded the general issue only. The plaintiff claimed title to the property by purchase from one Henry A. Turner, and in the course of the trial the plaintiff called John Ryan as a witness, and proved by him that in the spring of 1844 he (Ryan) was a con-

stable of Iowa county, and had a writ of attachment issued by a justice of the peace of said county in favor of the defendant *Berry* and against said Turner; that he went from defendant's house, by his direction, to take a horse which defendant told him he would find in plaintiff's stable; that the defendant went with him as far as the public road near *Southwick's* and pointed out to witness where he would find the horse; that witness went to the place pointed out, found the horse, and took him by virtue of the writ of attachment, but did not then remove him; that afterward he had an execution in his hands as such constable, issued upon the judgment obtained by the defendant, against said Turner on said attachment, and levied the same on the horse; that on the day appointed for the sale, he took the horse from plaintiff's stable and sold him; that the plaintiff claimed to own the horse, and forbade the sale; that upon such claim of property being made, he required the defendant to indemnify him before he would proceed to sell, and that before the sale, the defendant executed to him a bond of indemnity, which was read to the jury, and is as follows:

"Know all men, by these presents, that I, *Fortunatus Berry*, am held and firmly bound unto John Ryan, constable, in the penal sum of two hundred dollars, on the following condition: Whereas, I, *Fortunatus Berry*, have caused a writ of attachment to be issued out of the office of Thomas James, a justice of the peace in and for Iowa county and Wisconsin Territory, against the goods and chattels of Henry A. Turner, for the sum of fifty dollars, and that an execution has been issued on judgment obtained thereon, which said execution was directed to John Ryan, constable, and that said execution was levied on a certain bay stallion in the possession of *David Southwick*, and by him claimed. Now this bond is to say, that if the said John Ryan shall go on and sell said horse according to law, that I, *Fortunatus Berry*, agree to make said Ryan sure in the sale, and also defend and clear him from all harm or costs."

Southwick vs. Berry.

In the course of the examination, the plaintiff objected to said witness stating any thing of the writ of attachment, and the subsequent legal proceedings thereon, on the ground that there was no plea of justification before the jury, and the record and papers of the case were not present, but the court overruled the objection, on the ground that, as the plaintiff had called upon the officer as a witness to state what he did in relation to the alleged trespass, and that his acts, unexplained, might place him in the attitude of a trespasser, the witness might therefore state all the facts and circumstances to show by what authority he did the acts.

The defendant, in order to make out his defense, offered in evidence the depositions of John Mead and Henry A. Turner. The plaintiff objected to their being read, but did not assign any specific ground of objection. The court overruled the objection, and the depositions were read. The certificate of the justice to Mead's deposition did not state any thing about swearing the witness, but the caption stated that the deponent was "duly sworn according to law." The certificate of the justice to Turner's deposition did not state any thing about swearing the witness, but the caption stated that he was "duly affirmed according to law." Verdict and judgment for the defendant.

*T. P. Burnett*, for plaintiff in error.

*F. J. Dunn*, for defendant in error.

Irvin, J. This is an action of trespass brought by the plaintiff *Southwick*, against the defendant, for taking and carrying away, etc., a horse.

The issue is made upon the plea of the general issue.

The plaintiff in error makes four assignments of error; the 2d and 3d of which will be first noticed. They are: "The district court erred in admitting the deposition of Henry A. Turner to be read in evidence to the jury;" "The court erred in permitting the deposition of John Mead to be read in evidence to the jury."

Vol. I. — 36.

To the reading of said depositions objection is made, but no reasons are offered for the objection. In the absence of all specification of objections, the court will not stop to inquire what they might have been, but will presume the correctness of the ruling of the district court.

The first error assigned is, that "the district court of Iowa county erred in permitting John Ryan, a witness sworn and examined on the trial of the cause, to testify as to the proceedings by attachment in a certain cause before a justice of the peace, in which the said *Berry* was plaintiff, and Henry A. Turner was defendant, when there was no plea of justification in the cause, and there was no transcript nor original papers of the said proceedings before the said justice, produced before the court and jury on the trial of this cause."

In the examination of this case, it appears that Ryan was the witness of the plaintiff himself, who, in order to bring home to the defendant in this case, the trespass complained of, stated in substance, that he had been called on, as a constable, to serve a writ of attachment in favor of the defendant in this case, against one Henry A. Turner; that under the directions of the said *Berry*, he went to the stable of the said *Southwick*, and there levied on the horse in question. In his testimony he stated minutely and in detail, all the proceedings had in said attachment. To this evidence we find objection made by the plaintiff himself, as thus stated in the bill of exceptions: "In the course of the examination the plaintiff objected to the witness stating any thing of the writ of attachment and the subsequent legal proceedings thereon, on the ground that there was no plea of justification before the jury, and the record and papers of the case were not present, but the court overruled the objection, on the ground that the plaintiff had himself called the officer as a witness, to state what he did in relation to the alleged trespass. To this ruling of the district court, we see no good objection, and regard the ruling as correct.

The application for a new trial, for refusing which the 4th error is assigned, resting upon matters already noticed and disposed of, the court is of opinion that the judgment of the district court was correct, and that the same be affirmed, with costs.